ZUPP, APPELLANT, *v.* CITY OF YOUNGSTOWN FIRE DEPARTMENT
ET AL., APPELLEES.

[Cite as Zupp *v.* Youngstown Fire Dept. (1988), 37 Ohio St. 3d 202.]

(No. 86-1998—Submitted February 16, 1988—Decided June 22, 1988.)

*Edwin Romero,* law director, and *Cheryl L. Waite,* for appellee city of Youngstown.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Gerald H. Waterman,* for appellee Industrial Commission.

*Per Curiam.* Appellant contends that the commission improperly applied R.C. 4123.59(B) in determining her weekly death benefits. We disagree. As to wholly dependent persons, this section provides for benefit calculation as follows:

"* * * [T]he weekly payment shall be sixty-six and two-thirds per cent of the average weekly wage, but not to exceed a maximum aggregate amount of weekly compensation which is equal to sixty-six and two-thirds per cent of the statewide average weekly wage as defined in division (C) of section 4123.62 of the Revised Code, and not in any event less than a minimum amount of weekly compensation which is equal to fifty per cent of the statewide average weekly wage as defined in division (C) of Section 4123.62 of the Revised Code, regardless of the average weekly wage; * * *."

R.C. 4123.59(B) also states that "* * * when any claimant is receiving total disability compensation at the time of death the wholly dependent person shall be *eligible* for the maximum compensation provided for in this section." (Emphasis added.)

Appellant relies on this latter provision contending that it imposes an

*John A. Jeren, Jr.,* for appellant.

entitlement as of right to maximum

compensation. This argument is not persuasive. R.C. 4123.59(B) states that dependents of decedents receiving total disability at the time of death are *eligible* for maximum compensation. It does not establish a mandatory entitlement, but merely a prerequisite to consideration. Moreover, R.C. 4123.59(B) sets forth the statutory formula for the calculation of death benefits, which are primarily determined by reference to the decedent's average weekly wage and the state-wide average weekly wage. Appellant's assertion of a mandatory entitlement ignores this statutory scheme.

Thus, we hold that the Industrial Commission properly applied R.C. 4123.59(B) in determining appellant's benefits, and affirm the judgment of the court of appeals denying appellant's request for a writ of mandamus.

*Judgment affirmed.*

SWEENEY, LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS, J., dissents.

MOYER, C.J., not participating.