THE STATE, EX REL. PICKREL, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as State, ex rel. Pickrel, *v.* Indus. Comm. (1989), 43 Ohio St. 3d 128.]

(No. 88-671—Submitted February 8, 1989—Decided June 7, 1989.)

*James E. Buchan, Jr.,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Gerald H. Waterman,* for appellee.

MOYER, C.J. Appellant claims an automatic entitlement to an award equal to the statewide average weekly wage at the time of her husband's death. We disagree with appellant's interpretation of R.C. 4123.59(B) and hereby affirm the judgment of the court of appeals.

R.C. 4123.59(B) establishes that weekly death benefits to wholly dependent persons "shall be sixty-six and two-thirds per cent of the average weekly wage * * *," subject to a statutory maximum and minimum.[1] By focusing exclusively on the statutory maximum, appellant ignores what we perceive to be the mandatory formula for the computation of weekly death benefits.

As a predicate to relief in mandamus, it must be shown that: (1) relator has a clear legal right to the relief requested, (2) respondent is under a clear legal duty to perform the act sought, and (3) relator has no plain and adequate remedy at law. *State, ex rel. Westchester Estates, Inc.,* v. *Bacon* (1980), 61 Ohio St. 2d 42, 15 O.O. 3d 53, 399 N.E. 2d 81, paragraph one of the syllabus. In the present case, we find that the commission properly applied R.C. 4123.59(B) in determining the amount of death benefits due appellant. Appellant thus has failed to establish a clear legal right to the relief requested.

Accordingly, the judgment of the court of appeals denying a writ of mandamus is affirmed.

*Judgment affirmed.*

HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY, DOUGLAS and RESNICK, JJ., dissent.

H. BROWN, J., concurring. I concur in the majority opinion because *the*

---

[1] R.C. 4123.59(B) reads in full:

"If there are wholly dependent persons at the time of the death, the weekly payment shall be sixty-six and two-thirds per cent of the average weekly wage, but not to exceed a maximum aggregate amount of weekly compensation which is equal to sixty-six and two-thirds per cent of the statewide average weekly wage as defined in division (C) of section 4123.62 of the Revised Code, and not in any event less than a minimum amount of weekly compensation which is equal to fifty per cent of the statewide average weekly wage as defined in division (C) of section 4123.62 of the Revised Code, regardless of the average weekly wage; provided however, that if the death is due to injury received or occupational disease first diagnosed after January 1, 1976, the weekly payment shall be sixty-six and two-thirds per cent of the average weekly wage but not to exceed a maximum aggregate amount of weekly compensation which is equal to the statewide average weekly wage as defined in division (C) of section 4123.62 of the Revised Code; provided that when any claimant is receiving total disability compensation at the time of death the wholly dependent person shall be eligible for the maximum compensation provided for in this section. Where there is more than one person who is wholly dependent at the time of the death of the employee, the industrial commission shall promptly apportion the weekly amount of compensation payable under this section among the dependent persons as provided in division (D) of this section."

*widow claimant is receiving the maximum compensation* provided by statute. Under R.C. 4123.59, the maximum compensation is based upon the *employee's* wage. It is not based on the statewide average weekly wage. The reference in the statute to statewide average weekly wage is for the purpose of putting a *cap* on the award or a floor under it. Thus the statewide average weekly wage can limit the amount of an award or it can set a minimum below which an award may not fall. The use of statewide average weekly wage serves only these two purposes. As the court of appeals recognized, eligibility for maximum compensation does not mean entitlement to the *cap* where the award, computed in accordance with the statute, is below the cap.

WRIGHT, J., concurs in the foregoing concurring opinion.

DOUGLAS, J., dissenting. The widows lose again! Because the statute dictates that they should win, I dissent. There are at least two major problems with the majority opinion.

First, a widow who is statutorily entitled to a specific award of compensation is being denied that award by strained statutory construction—when no construction is needed at all. The statute clearly provides for a substantially larger award for the widow. Second, the majority opinion ignores the only case pertinent to the issue (one recently decided by this court and relied upon by appellee Industrial Commission), *Zupp* v. *Youngstown Fire Dept.* (1988), 37 Ohio St. 3d 202, 525 N.E. 2d 9, and avoids the problem by providing no case citation for the proposition presented. The reason for all this is obvious—the majority's position is indefensible as is the rationale of *Zupp*.

At the time of his death, Robert Pickrel was receiving *total disability* compensation. At the time of Robert's death, Mary Pickrel, Robert's widow, was a *wholly dependent surviving spouse*.

In the body of the opinion, the majority quotes from R.C. 4123.59(B). If the majority had just read a little further in the *same* section, it would have discovered that the section contains additional provisions, one of which mandates payment to the widow of an amount equal to the *statewide* average weekly wage: "* * * provided that when any claimant [Robert] is receiving *total disability* compensation at the time of death the *wholly dependent person* [Mary] *shall be eligible for the maximum compensation provided for in this section.* * * *" (Emphasis added.)

In not citing or discussing *Zupp*, the majority, at least, does not further perpetuate the fallacious "eligible" argument of *Zupp*. In *Zupp* at 203, 525 N.E. 2d at 10, the majority interpreted "eligible" to mean a prerequisite to consideration rather than a mandatory entitlement. Such a construction flies in the face of common usage as well as dictionary definition.

"Legally or morally qualified" is the definition of "eligible" found in Webster's New World Dictionary, Second College Edition (1976) 453. "Entitled" is the definition of "eligible" found in Webster's Ninth New Collegiate Dictionary (1984) 404. "[E]ntitled to something" is the definition of "eligible" found in Webster's Third New International Dictionary (1986) 736.

To construe the word "eligible," as the court did in *Zupp*, and as the commission asks us to do in the case at bar, permits the commission to pick and choose between various dependent claimants as to who should get the

maximum and who, being less favored, may get a lesser amount. Surely this cannot be the intention of the General Assembly.

When a person reaches the age of eighteen and properly registers to vote, that person becomes "eligible" to vote. Short of having some disability because of a criminal conviction, that person is "entitled" to vote, and if that person reaches the polls in time and signs the necessary record book, no one may revoke the entitlement to vote. Yet, in discussing such qualifica-tions, we generally ask, "Are you eligi-ble to vote?"

I believe the widow-claimant here-in is eligible and entitled to the maxi-mum compensation allowable in accor-dance with the statute. That amount is the statewide average weekly wage which is the "maximum compensation provided for in this section." Since the majority reaches a contra conclusion, I dissent.

SWEENEY and RESNICK, JJ., con-cur in the foregoing dissenting opinion.