OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio.  Attention:  Walter S. Kobalka, Reporter, or Justine Michael, Administrative Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.  Your comments on this pilot project are also welcome.

NOTE:  Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public.  The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions.  The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Granville Volunteer Fire Department, Inc., Appellee, v. Industrial Commission of Ohio et al., Appellants.

[Cite as State ex rel. Granville Volunteer Fire Dept., Inc. v. Indus. Comm. (1992),     Ohio St.3d     .]

Volunteer fire departments -- Workers' compensation premium
     payments -- Overpayment of premium due to classification
     in violation of R.C. 505.41 -- Reimbursement limited to
     prior two years' payments -- Ohio Adm. Code 4121-7-17(C)
     -- Determining date from which two-year retroactive
     reimbursement limitation should run.

(No. 91-981 -- Submitted June 2, 1992 -- Decided September 2, 1992.)

Appeal from the Court of Appeals for Franklin County, No. 90AP-494.

In 1955, appellee, Granville Volunteer Fire Department, Inc. ("GVFD"), filed an "Application for Classification of Industry and for Premium" with appellant Bureau of Workers' Compensation ("bureau").  The bureau treated GVFD as a private employer and assigned a corresponding occupational classification number from the State Insurance Fund Manual.  GVFD began making premium payments as directed.

Effective January 17, 1977, R.C. 505.41 designated volunteer firefighters as township, and therefore public, employees.  Appellants never notified GVFD or Granville Township of this change.  GVFD was not reclassified and, unaware of R.C. 505.41, continued to pay premiums as an independent, private employer.

In August 1984, Lee Larson, GVFD president, contacted Senator Eugene Branstool regarding the "high workers' compensation rates for private volunteer fire departments."  Larson's letter related that:

"Private fire departments are made a separate group for determining rates, whereas members of municipal and township fire departments are considered to be municipal employees.  The effect this has is that the rate for private fire departments is 18% at present, whereas the rate for township or municipal departments is between 3% and 4%.  This is having an incredible effect on our budget; we have three full-time employees, and

this rate * * * now costs us several thousand dollars a year more than it would if we were treated the same as municipal departments.  This is not because of excessive claims on our part; over the past five years our claims have totalled $806. * * *"

Larson proposed three possible solutions: (1) become a township fire department, (2) classify salaried employees as township employees, or (3) include "private departments with municipalities for rate determining purposes."  Larson favored the third alternative, rejecting the first two on the advice of township trustees and the county prosecutor.

On August 30, 1984, Senator Branstool forwarded Larson's letter to the bureau.  Approximately two weeks later, the bureau responded that having "reviewed Mr. Larson's letter and possible [proposed] solutions * * * especially his third alternative * * *, [b]y law the bureau is mandated to maintain two (2) separate funds for rate making and payment of claims, the private [employer] fund * * * and the public [employer] fund * * * and the experience of these two funds cannot be combined for rate making; therefore, an employer paying premiums into one fund cannot be rated with any other employer in the other fund."

On February 27, 1987, GVFD relayed to the bureau its belief that its classification violated R.C. 505.41.  The bureau agreed and instructed GVFD to request coverage cancellation retroactive to December 31, 1986 and inform the Granville Township clerk that the township would now be responsible for GVFD's workers' compensation coverage.  The bureau said nothing about amounts previously paid by GVFD.

GVFD again requested reimbursement of overpaid funds and the bureau refused.  GVFD objected and requested a hearing. After hearing, appellant Industrial Commission of Ohio's adjudicatory committee denied reimbursement.  GVFD unsuccessfully appealed to the commission.

GVFD filed a complaint in mandamus in the Court of Appeals for Franklin County, challenging appellants' refusal to issue a refund.  The appellate court held that Ohio Adm.Code 4121-7-17(C) entitled GVFD to reimbursement.  Finding that Ohio Adm.Code 4121-7-17(C) prohibited reimbursement in excess of two years prior to the date that the error was brought to appellants' attention, the court ordered reimbursement retroactive from August 30, 1984, the date that Larson's letter was forwarded to the bureau.

This cause is now before this court upon an appeal as of right.

Thompson, Meier & Dersom and Thomas D. Thompson, for appellee.

Lee I. Fisher, Attorney General, and Jetta Mencer, for appellants.

Per Curiam.   GVFD was misclassified from January 17, 1977 through December 31, 1986, resulting in overpaid premiums.  At issue is the period, if any, over which GVFD is entitled to reimbursement.  For the reasons to follow, we affirm the judgment below.

Ohio Adm.Code 4121-7-17(C) states:

"* * * The Commission and Bureau shall also have the right to make adjustments as to * * * premium rates and/or amount of premium. No adjustments, however, shall be made in an employer's account which result in reducing the amount of premium below the amount of contributions made by the employer to the fund for the periods involved, except in reference to adjustments for the semi-annual and/or adjustment periods ending within twenty-four months immediately prior to the beginning of the current payroll reporting period, when such errors affecting the reports and the premium are brought to the attention of the Commission and Bureau by an employer through written application for adjustment or found by the Commission and Bureau."

Ohio Adm.Code 4121-7-28 also provides:

"(A) Whenever the bureau of workers' compensation or the industrial commission detects an inaccuracy in the recording or processing of * * * [a] premium, such discrepancy shall be corrected. * * *

"(B) The time limit for correction(s) under this rule is as provided by rules 4121-7-17 and 4121-7-27 of the Administrative Code * * *."

GVFD challenges the applicability of Ohio Adm.Code 4121-7-17(C) ("Section C"), arguing that Section (C) governs only those employers who were "legally obligated" to contribute to the State Insurance Fund. GVFD claims that under R.C. 505.41 it never had such an obligation and, therefore, Section (C) does not control. Ohio Adm.Code 4121-7-17(C), however, contains no such qualification. It refers flatly to "employer," a term which includes GVFD.

Having found that Ohio Adm.Code 4121-7-17(C) applies, we also find that Section (C) reimbursement is discretionary. Ohio Adm.Code 4121-7-17(C) states that appellants "shall have the right" to make changes. (Emphasis added.)

In Zupp v. Youngstown Fire Dept. (1988), 37 Ohio St.3d 202, 525 N.E.2d 9, we interpreted a provision in R.C. 4123.59(B), which states:

"* * * when any claimant is receiving total disability compensation at the time of death the wholly dependent person shall be eligible for the maximum compensation provided for in this section." Id. at 202, 525 N.E.2d at 10.

Zupp's widow-claimant focused exclusively on the word "shall" and asserted a mandatory right to maximum compensation. We disagreed, holding that claimant could not ignore the phrase "be eligible for" which qualified "shall." Focusing on the term "eligible," we determined no connotation of mandatory entitlement existed.

The same logic applies here. By giving appellants the right to make an adjustment, the Ohio Administrative Code also gave appellants the concomitant right not to make an adjustment. GVFD asserts that even if the adjustment is discretionary, appellants abused that discretion in denying reimbursement here. Appellants defend their decision, arguing that it was GVFD's action, not appellants', that caused the misclassification. Appellants' contention fails.

Clearly, GVFD is partially responsible for its situation and cannot escape culpability by pointing to its lack of expertise in workers' compensation matters. State ex rel.

Harry Wolsky Stair Builders, Inc. v. Indus. Comm. (1991), 58 Ohio St.3d 222, 569 N.E.2d 900. Appellants, however, ignore their equal culpability in failing to reclassify GVFD when R.C. 505.41 took effect. While GVFD's request for independent private coverage in 1955 may have been ill-advised or incorrect, it does not excuse appellants' disregard of a statutory mandate imposed later.

We must last determine the date from which Ohio Adm. Code 4121-7-17(C)'s two-year retroactive reimbursement limitation should run. Appellants advocate February 27, 1987 - - the date on which GVFD first specified a violation of R.C. 505.41. Appellants challenge the appellate court's selection of August 30, 1984, the date on which Senator Branstool forwarded Larson's letter to the bureau. Appellants claim that the letter did not comply with Ohio Adm. Code 4121-7-27, which provides that:

"Protest of an employer's experience can be submitted only in writing. Only the employer or a representative with a permanent authorization from that employer can file a protest letter. * * *"

Appellants initially argue that the letter is defective because Branstool was neither the employer nor its authorized representative. This claim lacks merit. Senator Branstool forwarded Larson's letter to the bureau. It is immaterial that Larson's letter was physically sent by Branstool instead of by Larson personally.

Appellants also maintain that the 1984 letter did not allege actual commission error, but simply decried premium rates that GVFD felt were excessive. We again disagree. While error was not specifically alleged, the Larson letter contained sufficient facts to put appellants on notice that there may have been a problem. First, Larson noted that GVFD was covered as a private employer. Had appellants been aware of R.C. 505.41, as they apparently were not, an error would have been immediately apparent. Larson's proposed solutions also suggested the viability of including GVFD under the public, as opposed to private, umbrella. Finally, his comparison of GVFD rates with those of other fire departments again signalled that something may have been amiss. Read as a whole, we find that the letter provided sufficient notice of error to appellants.

For these reasons, the appellate court's judgment is affirmed.

                                    Judgment affirmed.

Moyer, C.J., Sweeney, Holmes, Douglas, Wright, H. Brown and Resnick, JJ., concur.