THE STATE EX REL. CLARK, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Clark v. Indus. Comm.* (1994), 69 Ohio St.3d 563.]

(No. 93–1008—Submitted April 19, 1994—Decided July 13, 1994.)

564

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy;* *Condit & Dressing Co., L.P.A.,* and *Thomas W. Condit,* for appellant.

*Lee Fisher,* Attorney General, and *Richard A. Hernandez,* Assistant Attorney General, for appellee Industrial Commission.

*Per Curiam.* As "the basis upon which to compute benefits," R.C. 4123.61, average weekly wage "is designed to 'find a fair basis for award for the loss of future compensation.'" *State ex rel. Wireman v. Indus. Comm.* (1990), 49 Ohio St.3d 286, 287, 551 N.E.2d 1265, 1266–1267, quoting *Riley v. Indus. Comm.* (1983), 9 Ohio App.3d 71, 73, 9 OBR 90, 92, 458 N.E.2d 428, 430.

The standard formula for establishing AWW is to divide claimant's earnings for the year preceding injury by fifty-two weeks. Two exceptions exist.

The first directs the commission to eliminate from the weekly denominator any period of unemployment beyond claimant's control. R.C. 4123.61. The bureau used this provision to reduce claimant's weekly denominator from fifty-two to four, but claimant contested the $13.49 weekly figure that resulted.

A broader second exception provides:

"In cases where there are special circumstances under which the average weekly wage cannot justly be determined by applying this section, the commission, in determining the average weekly wage in such cases, shall use such method as will enable it to do substantial justice to the claimants." R.C. 4123.61.

Two questions are accordingly raised: (1) Did claimant demonstrate "special circumstances" so as to warrant a departure from the standard AWW formula? and (2) If so, is the current AWW substantially just? For the reasons to follow, we answer only the first question in the affirmative.

In invoking the "substantial justice" provision to raise claimant's AWW, the district hearing officer necessarily found that a "special circumstance" existed. The hearing officer did not, however, identify the "special circumstance." In *Riley, supra,* the proximity of the claimant's date of injury to his reentry into the work force constituted a "special circumstance." We find the same to exist in this case.

In *Riley,* the claimant entered the labor force on March 16, 1980. Prior to that time, the receipt of other income had made it unnecessary for him to work. On April 5, 1980, Riley was injured. The bureau set his AWW at $10.92, dividing income received from March 16, 1980 through April 5, 1980 by fifty-two.

In reviewing the figure, the appellate court first found that R.C. 4123.61's exclusion for involuntary unemployment did not apply, since claimant had voluntarily stayed out of the work force. Resolution thus hinged on whether claimant had "shown special circumstances upon which his average weekly wage cannot justly be determined by applying the usual calculation which resulted in the $10.92 rate found by the commission. If so, the Industrial Commission is required to use another method to enable it to do substantial justice to the relator." *Id.* at 72, 9 OBR at 92, 458 N.E.2d at 430.

The court concluded:

"[T]he total circumstances indicate that the commission abused its discretion and acted contrary to R.C. 4123.61 in determining relator's average weekly wage by utilizing the salary for three weeks as that for the entire year. There were special circumstances involved since relator first became employed three weeks before his injury, and an unjust result was reached by considering only those

three weeks. The three weeks were obviously an unjust barometer of relator's prospective future average wages that would be lost if he could not work." *Id.* at 73, 9 OBR at 93, 458 N.E.2d at 431.

We find *Riley* instructive on the question of substantial justice as well. In this instance, claimant submitted evidence that demonstrated that she was, by then, regularly working 37.5 hours per week. That evidence, coupled with claimant's averment of earnings at Bob Evans, negates the commission's assertion that $20.00 is a just barometer of the amount of wages, and commensurately, the amount of work that claimant was accustomed to, satisfied with and planned to continue.

Considerable debate surrounds the voluntariness of claimant's reduced hours. In this case, we agree that claimant's reduced hours, while commendably motivated, were nonetheless voluntary. It does not, however, automatically follow that because reduced hours are voluntarily undertaken, any AWW, no matter how low, is substantially just. If this were true, the only provision for adjustment would be R.C. 4123.61's "involuntary unemployment" exemption. No substantial justice exception would exist.

For these reasons, we find that the commission abused its discretion in setting an AWW that did not do substantial justice to the claimant. Accordingly, the judgment of the court of appeals is reversed and the cause is returned to the commission for further consideration of claimant's AWW motion.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

WRIGHT, J., not participating.