[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 20.]

THE STATE EX REL. GILLETTE, APPELLANT, *v.* INDUSTRIAL COMMISSION OF

OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Gillette v. Indus. Comm*., 2002-Ohio-1492.]

*Workers' compensation—Industrial Commission does not abuse its discretion in*
*refusing to adjust claimant's average weekly wage, when.*

(No. 01-652—Submitted January 29, 2002—Decided April 3, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 00AP-630.

*Per Curiam.*

{¶ 1} Appellant-claimant, Glenn R. Gillette, injured his knee on September 10, 1990 while working as a food service worker for appellee Ross Correctional Institution. A workers' compensation claim was allowed, and claimant's average weekly wage ("AWW") was set at $379.20 based on earnings for the year prior to injury.

{¶ 2} Claimant had surgery on September 24, 1990. He was unable to return to his former position of employment and was paid sickness and accident benefits by his employer in lieu of temporary total disability compensation ("TTC"). Claimant returned to his job a short time later.

{¶ 3} Claimant worked without incident for almost a decade. In 1999, a workplace exacerbation of his knee condition rendered him again unable to return to his former job. Claimant sought—and was granted—TTC from August 6, 1999, forward.

{¶ 4} He then asked appellee Industrial Commission of Ohio to reset his AWW based on the fact that his earnings had increased in the years since his injury. A district hearing officer denied the motion, writing:

"Claimant relies upon [*State ex rel.*] *Lemke v. Brush Wellman* [*Inc.*] (1998), 84 Ohio State 3d 161 [702 N.E.2d 420], for the proposition that average weekly

wage should be calculated based on the year before his date of disability, not his date of injury. The DHO disagrees for the following reasons.

"First, *Lemke* is an occupational disease claim, not an injury as in the instant case. DHO finds that this distinction does make a difference. The Supreme Court went to great pains to repeatedly point out that *Lemke* was an occupational disease claim, including in the syllabus. There is legal justification for applying this rule to occupational disease claims but not injuries. In an occupational disease claim, the statute of limitations begins to run on the date of diagnosis or date of disability, whichever is later. In injuries such as the instant claim, date of injury begins the statute running and date of disability is irrelevant. Finally, the Supreme Court declined to apply similar reasoning to injury claims just one year prior to *Lemke* in *State ex rel. Cawthorn v. Industrial Commission* (1997), 78 Ohio St.3d 112, [676 N.E.2d 886]. [F]or all of these reasons, DHO finds the rule in *Lemke* applies only to occupational disease claims.

"In the alternative, this particular claimant could not avail himself of *Lemke* even if this were an occupational disease claim. Claimant was injured 9/10/90, and had surgery on 9/24/90, after which *he missed work*. Claimant was paid sickness and accident benefits in 1990 in lieu of temporary total benefits. Claimant argues that his 'date of disability' is 8/6/99, the date he first received temporary total benefits. Claimant is mistaken. Claimant was *disabled* (unable to return to his former position of employment) by this injury immediately. The fact that he received sickness and accident benefits instead of temporary total benefits until 1999 is utterly irrelevant. Thus, even under *Lemke*, claimant's average weekly wage would remain unchanged." (Emphasis *sic*.)

{¶ 5} A staff hearing officer affirmed the order and its reasoning and added:

"In addition, it is found that there are not special circumstances justifying an increase in this case. An increase in wages over time, whether due to pay increase or a change in jobs or profession is a normal circumstance. People

continuing to work after injuries, even though they continue to have some pain, is not an unusual circumstance. The claimant has not become permanently and totally disabled as in *Lemke*. Nor was the initial average weekly wage set when the claimant was of tender years as in [*State ex rel.*] *Bailey* [*v. Indus. Comm.* (Aug. 29, 1995), Franklin App. No. 94APD09-1284, unreported, 1995 WL 507462]. Based on all of the above stated reasons[,] the claimant's request is denied."

{¶ 6} Further hearing was denied.

{¶ 7} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in refusing to adjust his AWW. The court of appeals disagreed and denied the writ, prompting an appeal as of right to this court.

{¶ 8} AWW is based on a claimant's "average weekly wage for the year preceding the injury or the date the disability due to the occupational disease begins." R.C. 4123.61. Claimant, in his injury claim, seeks to have his AWW based on his wages in 1998-1999—the year prior to his receipt of TTC. The commission denied that request for three reasons. Review confirms that the commission's order was well-reasoned and correct, supporting our disposition in the commission and employer's favor.

{¶ 9} First, an AWW based on wages preceding disability onset is applicable to occupational disease claims only under R.C. 4123.61. This is an injury claim. R.C. 4123.61 designates the year prior to injury as the benchmark for calculating AWW for injury claims. *State ex rel. Lemke v. Brush Wellman, Inc.* (1998), 84 Ohio St.3d 161, 702 N.E.2d 420, an occupational disease case, is thus immediately distinguishable.

{¶ 10} Claimant argues that *Lemke* should control nevertheless, because his knee injury is akin to an occupational disease because it is getting progressively worse. We flatly reject this proposal. An injury is not transformed into an occupational disease simply because it worsens over time. What constitutes an

occupational disease is specifically enumerated in R.C. 4123.68, and a deteriorating knee condition is not included.

{¶ 11} Second, even if claimant's AWW were to be calculated based on the year prior to disability, as in occupational disease claims, it would not compel basing that calculation on his wages in 1998 and 1999. Claimant forgets that he was unable to return to his former position of employment—*i.e.,* his temporary total disability began immediately after his injury, and that he received sickness and accident payments in lieu of TTD benefits. Thus, his date of disability is contemporaneous with the date of his injury, producing the same figure claimant currently contests.

{¶ 12} Finally, as found by the commission, claimant does not establish special circumstances sufficient to justify a departure from the statutorily mandated calculation. The "special circumstances" provision in R.C. 4123.61 has "generally been confined to uncommon situations." *State ex rel. Wireman v. Indus. Comm.* (1990), 49 Ohio St.3d 286, 288, 551 N.E.2d 1265. We stated in *State ex rel. Cawthorn v. Indus. Comm.* (1997), 78 Ohio St.3d 112, 114, 676 N.E.2d 886, that an increase in wages over time is not uncommon and does not constitute a "special circumstance."

{¶ 13} The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Agee, Clymer, Mitchell & Laret, C. Russell Canestraro* and *Gregory Mitchell*, for appellant.

*Betty D. Montgomery,* Attorney General*; Lee M. Smith & Associates Co., L.P.A., Lee M. Smith* and *Jetta Mencer*, Special Counsel, for appellee Ross Correctional Institution.

*Betty D. Montgomery,* Attorney General, and *Thomas L. Reitz,* Assistant Attorney General, for appellee Industrial Commission.

_____