[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 263.]

THE STATE EX REL. MAYNARD *v*. INDUSTRIAL COMMISSION OF OHIO.

[Cite as *State ex rel. Maynard v. Indus. Comm*., 2002-Ohio-6319.]

*Workers' compensation—Mandamus sought to compel Industrial Commission to increase relator's death benefit to the statutory maximum of 100 percent of the statewide average weekly wage under R.C. 4123.59—Writ denied—Zupp v. Youngstown Fire Dept. and State ex rel. Pickrel v. Indus. Comm., followed.*

(No. 2001-1386—Submitted October 15, 2002—Decided December 4, 2002.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶1} Decedent Donald E. Maynard's 1996 workers' compensation claim was allowed for "malignant neoplasm and mesothelioma." In 1997, he filed for permanent total disability compensation ("PTD") but died from his industrial condition before the application was adjudicated.

{¶2} Relator Marjorie Maynard, widow-claimant herein, successfully moved respondent Industrial Commission of Ohio for accrued PTD pursuant to R.C. 4123.60. She followed with an application for death benefits under R.C. 4123.59.

{¶3} That application was also granted, and the Bureau of Workers' Compensation fixed the rate of weekly benefits at $458.32—66 2/3rds percent of decedent's average weekly wage. Widow-claimant sought to have the rate increased to the statutory maximum of 100 percent of the statewide average weekly wage, which for the applicable date was $521. That motion was denied.

{¶4} This cause is now before this court as an original action in mandamus.

**{¶5}** Widow-claimant asserts that R.C. 4123.59(B) requires that her weekly benefit be increased to the statutory maximum.  We disagree.

**{¶6}** Pursuant to our decisions in *Zupp v. Youngstown Fire Dept.* (1988), 37 Ohio St.3d 202, 525 N.E.2d 9, and *State ex rel. Pickrel v. Indus. Comm.* (1989), 43 Ohio St.3d 128, 539 N.E.2d 623, a writ of mandamus is hereby denied.

Writ denied.

MOYER, C.J., DOUGLAS, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

RESNICK, J., dissents.

F.E. SWEENEY, J., dissents and would grant the writ.

_____

ALICE ROBIE RESNICK, J., dissenting.

**{¶7}** I would grant the writ of mandamus.

_____

Mark Aalyson, for relator.

Betty D. Montgomery, Attorney General, and Dennis L. Hufstader, Assistant Attorney General, for respondent.

_____