The judgment is therefore reversed, and the plaintiff in error discharged.

*Judgment reversed; plaintiff in error discharged.*

POLLOCK and METCALFE, JJ., concur.

---

THE ELMWOOD PLACE LOAN & BUILDING CO. *v.*
SCHENK ET AL.

*Jurisdiction — Court of appeals — Appeal — Injunction — Common pleas court — Foreclosure of mortgage — Prior assignment for creditors by mortgagor — Proceedings in insolvency court to sell property — Common pleas court has jurisdiction, when.*

On May 7, 1918, plaintiff instituted suit in the court of common pleas of Hamilton county to foreclose a mortgage on real estate of S. May 6, 1918, S made an assignment for benefit of creditors and the assignee qualified May 8, 1918. The assignee was made a party defendant in the foreclosure suit. After his appointment the assignee filed a proceeding in the insolvency court to sell said real estate, and upon application of the plaintiff the assignee was enjoined from proceeding with his action. Appeal was then taken to the court of appeals. *Held:*

1. That appeal would lie from the order granting the injunction, under Section 6, Article IV of the Constitution.

2. That by the institution of the action in the common pleas court on May 7 the court properly and legally acquired jurisdiction of the subject-matter, and that plaintiff had the right to resort to that court since it was the only court that could give him a full and complete remedy in one suit.

3. The common pleas court having acquired jurisdiction of the subject-matter and the parties, the subsequent institution by the assignee of proceedings in the insolvency court to sell said property did not oust the common pleas court of the jurisdiction it had acquired.

(Decided November 29, 1918.)

APPEAL: Court of Appeals for Hamilton county.

*Mr. Richard Hingson,* for plaintiff.

*Messrs. Burch, Peters & Connolly,* for defendants.

WILSON, J.    This case was instituted in the court of common pleas on May 7, 1918, against Elizabeth S. Schenk and William P. Schenk, her husband, to foreclose a mortgage on certain real estate in Wyoming, Hamilton county.

It appears from the record that on May 6, 1918, Elizabeth S. Schenk made an assignment for the benefit of creditors to Dawson E. Bradley, who duly accepted and qualified as such assignee, and that on May 8, 1918, said assignee was by an entry of the court made a party defendant herein.    It further appears that on June 18, 1918, plaintiff filed a supplemental petition, alleging the assignment by Elizabeth S. Schenk to Dawson E. Bradley and that said assignee had since the filing of the petition in this cause instituted proceedings in the court of insolvency of Hamilton county for the purpose of obtaining an order from said court directing him to sell the real estate described in plaintiff's petition; that the court of insolvency is without jurisdiction to give plaintiff herein full and adequate justice and relief under its said mortgage in the sale of said property; and that unless restrained by the court in this cause said assignee will proceed to obtain an order and sell said real estate which will result in a pecuniary loss and work irreparable injury to plaintiff in its rights.    Plaintiff therefore prayed for an injunction against said assignee from taking any further proceedings in said cause in the court of insolvency.

OHIO APPELLATE REPORTS. 367

App.] Loan & Bldg. Co. *v.* Schenk et al.

On June 26, 1918, the said assignee filed his answer in this cause, alleging the assignment on May 6, 1918, and his acceptance and qualification as such assignee. He further alleges that at the time of filing the petition herein, May 7, 1918, he as such assignee was possessed of the title to said real estate by reason of said assignment and that the court of insolvency was clothed with complete jurisdiction to administer the trust; that he had filed in said court a petition for the sale of said real estate making all necessary parties defendants thereto; that the defendant, William P. Schenk, the husband of the assignor, had agreed to file an answer therein consenting to the sale of the real estate free of his dower right therein and asking that its value be paid him out of the proceeds of sale; that by virtue of the premises the court of insolvency is clothed with exclusive jurisdiction to administer all of the assets and to effect a proper sale of the real estate; and that by reason thereof the court of common pleas is without jurisdiction in this cause to effect the sale of said real estate and is without authority and jurisdiction to enjoin the assignee from further proceeding in said cause in the court of insolvency.

On August 7, 1918, the court of common pleas perpetually enjoined the assignee "from taking any further proceedings in the court of insolvency, or instituting or proceeding in any other manner or court for the sale of said real estate.".

An appeal has been taken by said assignee to this court from the order of the court below perpetually enjoining said assignee from further pro-

**368**     OHIO APPELLATE REPORTS.

Loan & Bldg. Co. *v.* Schenk et al.          [9 Ohio

ceeding in an effort to sell said real estate under an order of the insolvency court.

The case now comes on for hearing in this court on the motion of the plaintiff, The Elmwood Place Loan and Building Company, to dismiss the appeal for the reason that said assignee had given no bond for appeal and that the appeal is not in the interest of the trust, and further that it is not an order from which an appeal will lie; and also on the motion of said assignee for an order suspending the injunction below.

On an examination of the record in this case the court is of the opinion that an appeal will lie from the injunction order of the court below and therefore overrules the motion to dismiss the appeal.

The motion of the defendant, Dawson E. Bradley, assignee, to suspend the order of injunction granted by the court below involves the determination by this court of the question of the jurisdiction of the court of common pleas in this case and its power and authority to so perpetually enjoin the said assignee from further proceeding in the court of insolvency to obtain an order to sell said real estate.

The record discloses the fact that the day after the assignment was filed in the court of insolvency, and before any proceedings were instituted by the assignee to obtain authority to sell the real estate, this cause was instituted in the common pleas court by the plaintiff to foreclose its mortgage. To this proceeding the assignee was made a party, and in his answer filed therein he contended that the court of insolvency had exclusive jurisdiction over the property and the sale thereof, and that the

OHIO APPELLATE REPORTS. 369

App.]                Loan & Bldg. Co. v. Schenk et al. ·

court of common pleas was without jurisdiction to entertain the proceedings. The defendant, William P. Schenk, husband of Elizabeth S. Schenk, had an inchoate right of dower in the real estate of his wife, which could not, under Section 11123, General Code, be divested by any order of sale made by the court of insolvency without said William P. Schenk consenting that said property might be sold free of his contingent right of dower therein.

It therefore appears that the court of insolvency could not, without the consent of said William P. Schenk, order a sale of said real estate free of the right of all parties in interest in said real estate. The said William P. Schenk having executed plaintiff's mortgage, and thereby conditionally conveyed his dower right in said property, the plaintiff was entitled to have said property sold free of said dower right.

At the time of instituting proceedings in this cause no proceedings had been instituted by the assignee to sell said property, and plaintiff at the time had no knowledge or assurance that William P. Schenk would consent to a sale of the property free of his contingent dower, if proceedings were to be instituted by the assignee.

An order or judgment for the sale of said property which fails to secure to plaintiff herein the avails of the sale of all interests therein does not afford or secure to it that relief to which it is clearly entitled.

The court is of the opinion that the jurisdiction of the subject-matter acquired by the court of insolvency by the filing of the deed of assignment

therein was not exclusive of all other courts for the reason that the power of the insolvency court to order a sale of the property free of all right of dower is contingent upon the consent of the possessor of such right and it is therefore so far limited or restricted as to be unable without such consent to afford that relief to the plaintiff to which it is legally and equitably entitled.

The supreme court of Ohio in the case of *Dwyer et al., Assignees,* v. *Garlough et al.,* 31 Ohio St., 158, at page 160, say:

"Where a court of law and a court of equity have concurrent jurisdiction over the same subject, it frequently happens that the former tribunal, because of inadequate or limited powers, is unable to afford that relief which a party has the right to demand, and which a court of equity is fully competent to give. In such a case, a court of equity is clothed with complete jurisdiction, and if necessary to the full protection of the rights of a party, will enjoin further proceedings in the action at law."

This court is of the opinion that by the institution of this cause in the common pleas court on May 7, 1918, that court properly and legally acquired jurisdiction of the subject-matter of this action, and that plaintiff had the right to resort to the court that could give him a full and complete remedy in one suit. The common pleas court having acquired jurisdiction of the subject-matter and of the parties, the subsequent institution by the assignee of proceedings in the insolvency court to sell said property did not oust the common pleas court of the jurisdiction it had acquired.

OHIO APPELLATE REPORTS. 371

App.]                Loan & Bldg. Co. v. Schenk et al.

The supreme court in *Robinson et al.* v. *Williams, etc., et al.,* 62 Ohio St., 401, held:

"Where a suit to foreclose a mortgage is rightly commenced in the common pleas, pending an assignment in the probate court made by the mortgagor, the subsequent commencement in the same court of a suit by the assignee for the purpose of obtaining an order to sell the land as assigned property, can not be sustained against the objection of the mortgagee."

The court of common pleas having acquired full jurisdiction possessed the power and authority to enjoin the said assignee from further proceeding with his action to sell said property.

This court is therefore of the opinion that the motion of the defendant, Dawson E. Bradley, assignee, to suspend the injunction granted by the court below should be overruled.

The only question involved in the appeal being the power of injunction as granted by the court below, and this court having determined that question, an entry may be made perpetually enjoining the defendant, Dawson E. Bradley, assignee, from further proceeding in the court of insolvency to obtain an order to sell said property.

The matters in controversy in this court having been determined, all parties hereto are relegated to the proceedings in foreclosure in the common pleas court where their rights in the subject-matters of the action can be fully adjudicated.

*Decree accordingly.*

JONES P. J., and HAMILTON, J., concur.