THE STATE EX REL. MCDULIN, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. McDulin v. Indus. Comm.* (2000), 89 Ohio St.3d 390.]

(No. 98–1593—Submitted April 25, 2000—Decided August 9, 2000.)

*Phillip J. Fulton & Associates* and *William A. Thorman III*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Gerald H. Waterman*, Assistant Attorney General, for appellee.

---

**Per Curiam.** "The average weekly wage of an injured employee at the time of the injury or at the time disability due to the occupational disease begins is the basis upon which to compute benefits." R.C. 4123.61.

The "standard formula for establishing [average weekly wage] is to divide claimant's earnings for the year preceding injury by fifty-two weeks." *State ex rel. Clark v. Indus. Comm.* (1994), 69 Ohio St.3d 563, 565, 634 N.E.2d 1014, 1016.

Claimant asks us to substitute the term "income" for the terms "wage" and "earnings." In so doing, claimant seeks to include the amount of "miscellaneous income"—which represents reimbursement for lodging, meals, and tool and trucking expenses—that his employer reported on federal tax form 1099. We decline this invitation.

"Income" is not synonymous with "earnings" or "wages." Webster's Third New International Dictionary (1986) 714, defines "earnings" as "wages * * * earned as compensation for labor." Similarly, wages constitute "monetary remuneration by an employer * * * for labor or services." *Id.* at 2568. "Income," on the other hand, represents "a gain or recurrent benefit that is [usually] measured in money and for a given period of time, derives from capital, labor, or a combination of both." *Id.* at 1143. Income is a much broader term than "earnings" or "wages," and cannot, therefore, be used interchangeably.

This is important, because the distinction in terms transforms claimant's proposal into a request that we read into a statute words that are not contained therein. This we cannot do. See *Carrel v. Allied Products Corp.* (1997), 78 Ohio St.3d 284, 288, 677 N.E.2d 795, 799. Claimant cites other Revised Code and Administrative Code sections that he claims refer more broadly to the concept of income. Those provisions—most of which apply to unemployment, not workers' compensation—are, upon review, all inapplicable to the present case.

Claimant also argues that nothing in R.C. 4123.61 directs the commission to exclude form 1099 "miscellaneous income" from the AWW calculation. That contention is, however, double-edged, since nothing in that provision demands or authorizes its inclusion. Again, R.C. 4123.61 explicitly refers to average weekly *wage*, not average weekly *income*.

To hold as claimant advocates is inappropriate from a legal perspective, for to do so would permit the inclusion into the AWW calculation of dividends, interest, and other forms of income unrelated to claimant's job performance. This is clearly not what the General Assembly had in mind.

We recognize that in some situations, lodging, meals, etc. can be part of the wage package. The commission acknowledged this, but found, in its order, that claimant did not present evidence that the disputed money was indeed gainful remuneration rather than simple reimbursement for expenses incurred by claimant. The commission was particularly interested in viewing claimant's 1040 form and its categorization of the disputed amount, but claimant did not submit that information.

We find, therefore, that the commission did not abuse its discretion in failing to include claimant's form 1099 "miscellaneous income" in the computation of his AWW.

Absent inclusion of "miscellaneous income" into his AWW, claimant alternatively asserts that the commission abused its discretion in using the revised calculation that it did. This is a difficult argument to analyze, for it is unclear what the claimant seeks.

R.C. 4123.61 allows the commission to deviate from the standard AWW formula where there are "special circumstances" that render the traditional formula untenable. The commission, in this case, reset claimant's AWW by multiplying claimant's $10 hourly wage by forty hours. Claimant argues that this calculation is unfair because during some weeks he worked less than forty hours. In the same breath, however, claimant then states that there were some weeks that he worked more than forty hours. Given these facts, the commission's decision to simply average these variations out to a forty-hour work week should not be considered an abuse of discretion.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.