THE STATE EX REL. LEWIS *v.* ROLSTON, FISCAL OFFICER, ET AL.

[Cite as *State ex rel. Lewis v. Rolston,*
115 Ohio St.3d 293, 2007-Ohio-5139.]

(No. 2007–1639—Submitted September 20, 2007—Decided October 1, 2007.)

_____

**Per Curiam.**

{¶ 1} This is an original action for a writ of mandamus to compel a village fiscal officer to certify the sufficiency and validity of an initiative petition to the Clinton County Board of Elections for placement of the proposed ordinance on the November 6, 2007 election ballot. Because a fiscal officer has no duty to do so when a relator does not file a precirculation certified copy of the proposed ordinance, we deny the writ.

{¶ 2} Relator, William C. Lewis, is an elector, resident, and taxpayer of the village of Sabina. Lewis is part of a committee formed in May 2007 to propose an ordinance. The proposed ordinance authorizes the mayor, within five days of

election or appointment, to assume the duties of village administrator, and if the mayor decides to do so, to receive additional compensation.

{¶ 3} On May 17, 2007, Lewis delivered copies of the initiative petition proposing the ordinance to respondent Sabina Village Fiscal Officer Jodi Rolston. None of the copies was verified, attested to, or certified by Lewis or any other proponent of the ordinance. At Lewis's request, the village fiscal officer stamped on each copy, "Certified Copy Received May 17, 2007 at 3:27 p.m." and hand-wrote on each copy, "The undersigned hereby attests that the aforementioned original proposed Ordinance is a Certified copy filed in this office on May 17, 2007." The fiscal officer signed the attestation. Nevertheless, the fiscal officer neither prepared the proposed ordinance nor verified it.

{¶ 4} On July 12, 2007, Lewis filed an initiative petition with the village fiscal officer that contained 302 signatures. The petitioners requested placement of the proposed ordinance, titled "An ordinance Giving the Option to the Mayor to Act as Village Administrator," on the November 6, 2007 general election ballot.

{¶ 5} At the mayor's request, the village solicitor prepared an opinion on the legality of the proposed ordinance. The village solicitor advised the fiscal officer not to submit the petition to the board of elections, concluding that the proposed ordinance "is illegal, contrary to Ohio law, and therefore would be void." According to the village solicitor, if the ordinance were enacted, it would violate several Revised Code provisions, including R.C. 735.271, 705.25, and 731.13. The village solicitor emphasized that he was "not taking any position on the validity of the initiative petition per se, nor its signatures, but simply as to the legality of the proposed ordinance."

{¶ 6} Based on the village solicitor's opinion, the fiscal officer refused to certify the petition and the proposed ordinance to the Clinton County Board of Elections.

{¶ 7} At the village council's regular meeting on July 26, Lewis requested that the village solicitor institute a mandamus action to compel the fiscal officer to certify the petition and the ordinance to the board of elections. At the council meeting, the village solicitor stated that he had advised the fiscal officer not to certify the petition and ordinance to the board of elections because the proposed ordinance is illegal, and he rejected Lewis's request to bring a mandamus action to compel the fiscal officer to certify it to the board of elections.

{¶ 8} On August 31, 2006, Lewis filed this expedited election action for a writ of mandamus to compel the fiscal officer to certify the sufficiency and validity of the initiative petition to the Clinton County Board of Elections for placement on the November 6, 2007 election ballot. Lewis also names the village council as a

respondent and requests an award of attorney fees. Respondents submitted an answer, and the parties filed evidence and briefs.

{¶ 9} This cause is now before us for consideration of the merits.

### Mandamus

{¶ 10} To be entitled to the writ, Lewis must establish a clear legal right to have the initiative petition and a certified copy of the proposed ordinance transmitted to the board of elections, a corresponding clear legal duty on the part of the fiscal officer to transmit them, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Marsalek v. S. Euclid City Council,* 111 Ohio St.3d 163, 2006-Ohio-4973, 855 N.E.2d 811, ¶ 8. Because of the proximity of the November 6, 2007 election, Lewis has established that he lacks an adequate remedy in the ordinary course of the law. *State ex rel. Commt. for the Charter Amendment, City Trash Collection v. Westlake,* 97 Ohio St.3d 100, 2002-Ohio-5302, 776 N.E.2d 1041, ¶ 21.

### R.C. 731.32

{¶ 11} Respondents contend that Lewis cannot establish a clear legal right to the requested relief or a clear legal duty on the part of the fiscal officer to provide it, because Lewis failed to comply with R.C. 731.32. "R.C. 731.32 does not expressly permit substantial compliance, so it requires strict compliance." *State ex rel. Barletta v. Fersch,* 99 Ohio St.3d 295, 2003-Ohio-3629, 791 N.E.2d 452, ¶ 17. R.C. 731.32 provides:

{¶ 12} "Whoever seeks to propose an ordinance or measure in a municipal corporation by initiative petition * * * shall, before circulating such petition, file a certified copy of the proposed ordinance or measure with the city auditor or the village clerk."

{¶ 13} Villages are authorized to combine the duties of the clerk and the treasurer into one appointed office—the village fiscal officer. R.C. 733.262. Apparently, Sabina has exercised this authority, and the fiscal officer now performs the duties formerly performed by the clerk and the treasurer. Therefore, under R.C. 731.32, Lewis had to file a certified copy of his proposed ordinance with the fiscal officer.

{¶ 14} Certification requires an attestation:

{¶ 15} "As used in this section, 'certified copy' means a copy containing a written statement *attesting that it is a true and exact reproduction of the original proposed ordinance or measure * * *.*" (Emphasis added.) R.C. 731.32.

{¶ 16} "Attest" means "to certify to the verity of a copy of a public document formally by signature," and an attached copy of a document is *"one which has*

*been examined and compared with the original,* with a certificate or memorandum of its correctness, *signed by the persons who have examined it.*" (Emphasis added.) Black's Law Dictionary (6th Ed.1990) 127–128; see, also, *State ex rel. Steele v. Morrissey,* 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶ 22.

{¶ 17} Lewis did not comply with R.C. 731.32. He did not file a certified copy of the proposed ordinance with a written statement "attesting that it is a true and exact reproduction of the original proposed ordinance." Id. Instead, he filed a copy of the entire initiative petition with the fiscal officer's certification on the petition.

{¶ 18} Although at Lewis's request, the fiscal officer signed a handwritten statement on the petition that she "hereby attests that the aforementioned original proposed ordinance is a certified copy filed in this office on May 17, 2007," she did not verify the proposed ordinance itself or prepare it. Cf. *State ex rel. Shaw v. Lynch* (1991), 62 Ohio St.3d 174, 175, 580 N.E.2d 1068 (certification is substantially similar to verification for purposes of verification requirement contained in former R.C. 731.32).

{¶ 19} More important, the fiscal officer did not attest that the copy of the proposed ordinance attached to the initiative petition was a "true and exact reproduction of the original proposed ordinance or measure," as required by R.C. 731.32. There is also no evidence that she actually examined the copy of the proposed ordinance and compared it with the original for purposes of a proper attestation. Instead, the evidence establishes that the fiscal officer simply wrote "certification" language that Lewis told her to write on the petition. As respondents note, for initiative petitions, the petitioners themselves are more appropriate persons to attest to the accuracy of their proposed ordinance or other measure.

{¶ 20} "The purpose of the R.C. 731.32 precirculation certified-copy requirement for a proposed * * * ordinance is to afford interested citizens an opportunity to examine the proposed ordinance that is the subject of the initiative petition * * *." *Steele,* 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶ 31. This purpose is not advanced when someone with no knowledge of the proposed ordinance makes a purported certification of a copy of an initiative petition containing the proposed ordinance without actually examining it for accuracy. Under these circumstances, interested citizens could be uncertain about the validity of a proposed ordinance contained in the precirculation copy of the petition when it is not certified by a proponent of the proposed ordinance and does not contain a written statement attesting that it is a true and exact reproduction of the original proposed ordinance.

{¶ 21} Therefore, Lewis and the petitioners did not strictly comply with R.C. 731.32. Although the fiscal officer did not base her initial refusal to certify the

initiative petition to the board of elections on Lewis's noncompliance with R.C. 731.32, she is not thereby estopped from raising this violation. Id. at ¶ 19; *Steele,* 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶ 37–38.

## Village Council

{¶ 22} Although Lewis also names the village council as a respondent, he does not request any relief against it. Moreover, the village council has no duty under R.C. 731.28 to transmit or certify initiative petitions to the board of elections. We cannot create the legal duty enforceable in mandamus. *State ex rel. Boccuzzi v. Cuyahoga Cty. Bd. of Commrs.,* 112 Ohio St.3d 438, 2007-Ohio-323, 860 N.E.2d 749, ¶ 18.

## Conclusion

{¶ 23} Because Lewis has not established a clear legal right to the requested extraordinary relief in mandamus or a clear legal duty on the part of the fiscal officer or the village council to certify the initiative petition to the board of elections, we deny the writ. This holding renders moot respondents' remaining arguments, i.e., laches, substantive illegality of the proposed ordinance, failure to comply with R.C. 731.35, and that the right of initiative does not extend to resolutions. *State ex rel. Reese v. Cuyahoga Cty. Bd. of Elections,* 115 Ohio St.3d 126, 2007-Ohio-4588, 873 N.E.2d 1251, ¶ 35. We also deny Lewis's request for an award of attorney fees.

Writ denied.

MOYER, C.J., and O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER and LUNDBERG STRATTON, JJ., concur in part and dissent in part.

O'CONNOR, J., not participating.

---

**LUNDBERG STRATTON, J., concurring in part and dissenting in part.**

{¶ 24} I agree with the majority's conclusion with respect to the village council; however, I respectfully dissent from the decision to deny the writ as to the village's fiscal officer. Because I believe that the relator, William C. Lewis, complied with R.C. 731.32 when he filed a copy of the entire initiative petition with the village fiscal officer's certification, I would grant the writ of mandamus.

{¶ 25} The majority claims that Lewis himself was required to certify the copy of the proposed ordinance. This implication injects a requirement into the process that does not appear in the statute, because R.C. 731.32 does not require the person circulating the petition to also certify it. The statute merely requires a copy, verified as true and accurate, to be filed with the village clerk. This

conclusion upholds precedent: we must "liberally construe municipal initiative provisions to permit the exercise of the power of initiative." *State ex rel. N. Main St. Coalition v. Webb,* 106 Ohio St.3d 437, 2005-Ohio-5009, 835 N.E.2d 1222, ¶ 47.

{¶ 26} The majority also concludes that the fiscal officer did not verify the proposed ordinance because she did not prepare it and because there is no evidence that she actually compared the copy with the original. I believe the majority makes a leap in judgment with such an assumption. The fiscal officer's handwritten statement was that she "hereby attests that the aforementioned original proposed Ordinance is a Certified copy filed in this office on May 17, 2007." It is irrelevant that no additional evidence proves that the fiscal officer examined or compared the documents, especially here, where a quick review could establish that the copy matched the original document, because the copy was the *entire initiative petition.*

{¶ 27} I believe there was strict statutory compliance and that no part of the statute was violated. The majority requires more than R.C. 731.32 mandates, and the unsuspecting citizen will not be alerted to an additional requirement. The majority discredits the fiscal officer's certification because there is "no evidence" that she actually examined the copy. However, there is no statutory mechanism to take evidence on this issue. I believe we should presume that she did her job when she attested to the certified copy. Her written statement attesting and verifying the document is sufficient evidence. There is no legal requirement that one must bring in a third party to prove that a county official is telling the truth by such attestation. Her certification is sufficient for "interested citizens" to be confident of the ordinance's validity.

{¶ 28} Finally, I believe that the underlying reason for the village's refusal to certify the petition was the solicitor's opinion that the proposed ordinance was illegal. This suspected illegality does not bar the fiscal officer from certifying the initiative. "Any claim alleging the * * * illegality of the substance of the proposed ordinance, or actions to be taken pursuant to the ordinance when enacted are premature before its approval by the electorate." *State ex rel. DeBrosse v. Cool* (1999), 87 Ohio St.3d 1, 6, 716 N.E.2d 1114.

{¶ 29} Consequently, I agree with the decision denying the writ with respect to the village council and with the denial of attorney fees. I respectfully dissent from the decision to deny the writ as to the village's fiscal officer.

PFEIFER, J., concurs in the foregoing opinion.

---

Susan Zurface Daniels, for relator.

Jon C. Hapner, Sabina Law Director, for respondents.