THE STATE EX REL. TURNER, APPELLEE, v. EBERLIN, WARDEN, APPELLANT.

[Cite as *State ex rel. Turner v. Eberlin*, 117
Ohio St.3d 381, 2008-Ohio-1117.]

(No. 2007–2013—Submitted March 12, 2008—Decided March 19, 2008.)

---

**Per Curiam.**

{¶ 1} This is an appeal from a judgment granting a writ of mandamus compelling a prison warden to refrain from attaching funds belonging to an

inmate when those funds are not "income" within the meaning of the relevant administrative rule. Because the administrative rule permitted the warden's attachment of money received as gifts, we reverse the judgment of the court of appeals and deny the writ.

{¶ 2} In 2005, the Stark County Court of Common Pleas convicted appellee, James D. Turner, of having weapons while under disability and carrying concealed weapons and sentenced him to an aggregate prison term of four years with a fine of $1,000. The common pleas court also ordered Turner to pay the costs of the case. The Stark County Clerk of Courts sent to Belmont Correctional Institution, the prison at which Turner is incarcerated, a statement listing $1,956.89 as the total amount Turner owed to the court. The prison thereafter notified Turner that he owed this amount to the court and that the prison cashier would place a hold on his inmate account.

{¶ 3} In September 2006, Turner received a $15 gift in the form of a money order. Turner later received money orders in the amounts of $100 and $25. The prison officials attached these gifts to pay the common pleas court judgment against Turner.

{¶ 4} In February 2007, Turner filed a petition in the Court of Appeals for Belmont County to compel appellant, Belmont Correctional Institution Warden Michele Eberlin, to comply with Ohio Adm.Code 5120–5–03(E) by not attaching the gifts to pay the common pleas court judgment. The warden filed an answer, and the parties filed motions for summary judgment.

{¶ 5} The court of appeals granted a writ of mandamus compelling the warden to comply with the administrative rule, prohibiting her from attaching any of Turner's future nonincome receipts, and ordering that future attachments of income cease until the wrongly attached funds are repaid to him.

{¶ 6} In her appeal as of right, the warden asserts that the court of appeals erred in granting the writ. To be entitled to the writ, Turner must establish a clear legal right to keep the money he received as gifts, a corresponding clear legal duty on the part of the warden to refrain from attaching those gifts, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Blandin v. Beck*, 114 Ohio St.3d 455, 2007-Ohio-4562, 872 N.E.2d 1232, ¶ 13.

{¶ 7} R.C. 5120.133 requires the Department of Rehabilitation and Correction to use money in a prisoner's account to satisfy a judgment the prisoner owes, with certain exceptions:

{¶ 8} "(A) The department of rehabilitation and correction, upon receipt of a certified copy of the judgment of a court of record in an action in which a prisoner was a party that orders a prisoner to pay a stated obligation, may apply toward payment of the obligation money that belongs to a prisoner and that is in

the account kept for the prisoner by the department. The department may transmit the prisoner's funds directly to the court for disbursement or may make payment in another manner as directed by the court. *Except as otherwise provided in rules adopted under this section, when an amount is received for the prisoner's account, the department shall use it for the payment of the obligation and shall continue using amounts received for the account until the full amount of the obligation has been paid.* No proceedings in aid of execution are necessary for the department to take the action required by this section.

{¶ 9} "(B) *The department may adopt rules specifying a portion of an inmate's earnings or other receipts that the inmate is allowed to retain to make purchases from the commissary and that may not be used to satisfy an obligation pursuant to division (A) of this section.* The rules shall not permit the application or disbursement of funds belonging to an inmate if those funds are exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order pursuant to section 2329.66 of the Revised Code or to any other provision of law." (Emphases added.)

{¶ 10} Pursuant to this statutory authorization, the department adopted Ohio Adm.Code 5120-5-03 "to establish guidelines and procedures for withdrawing money that belongs to an inmate and that is in an account kept for the inmate by the department of rehabilitation and correction (DRC), upon receipt of a certified copy of a judgment of a court of record in an action in which an inmate was a party that orders an inmate to pay a stated obligation."

{¶ 11} Turner relies on Ohio Adm.Code 5120-5-03(E) to support his entitlement to the writ. That section provides:

{¶ 12} "If withdrawals are authorized and if there are insufficient funds in the inmate's account to satisfy the amount shown as due, a monthly check shall be issued payable to the appropriate clerk's office or in another matter as directed by the court, for the amount of *monthly income received into the inmate's account* which exceeds ten dollars until the full amount of the court obligation has been paid. The hold shall remain on the inmate's account until sufficient funds have been paid to satisfy the amount shown as due on the balance remaining thereon." (Emphasis added.)

{¶ 13} The court of appeals concluded that because "income" as used in the administrative rule does not include gifts, the warden erred in using the gifts received by Turner to satisfy the court judgment against him. The warden counters that the word "income" in Ohio Adm.Code 5120-5-03(E) includes gifts.

{¶ 14} "The interpretation of statutes and administrative rules should follow the principle that neither is to be construed in any way other than as the words demand." *Morning View Care Center–Fulton v. Ohio Dept. of Human Servs.*, 148 Ohio App.3d 518, 2002-Ohio-2878, 774 N.E.2d 300, ¶ 36. We must read

undefined words and phrases in context and construe them in accordance with rules of grammar and common usage. *State ex rel. Heffelfinger v. Brunner,* 116 Ohio St.3d 172, 2007-Ohio-5838, 876 N.E.2d 1231, ¶ 35 (applying this rule to statutory construction); *Ashland Chem. Co. v. Jones* (2001), 92 Ohio St.3d 234, 749 N.E.2d 744 (applying this rule to construe an administrative rule).

{¶ 15} In holding that "income" must be derived from capital or labor and therefore cannot include gifts, the court of appeals relied on a dictionary definition of "income" that we used to construe a workers' compensation statute. See *State ex rel. McDulin v. Indus. Comm.* (2000), 89 Ohio St.3d 390, 392, 732 N.E.2d 367, quoting Webster's Third New International Dictionary (1986) 1143 (" 'Income,' on the other hand, represents 'a gain or recurrent benefit that is [usually] measured in money and for a given period of time, derives from capital, labor, or a combination of both' "). In *McDulin,* however, we were not asked to address whether the term "income" could reasonably include gifts. Instead, we merely applied the foregoing definition of "income" to hold that "[i]ncome is a much broader term than 'earnings' or 'wages,' and [the terms] cannot, therefore, be used interchangeably." Id. at 392, 732 N.E.2d 367.

{¶ 16} In fact, a commonly accepted definition of "income" includes gifts. See Black's Law Dictionary (8th Ed.2004) 778, defining "income" as the "*money* or other form of payment *that one receives,* usu. periodically, *from* employment, business, investments, royalties, *gifts,* and the like." (Emphases added.) We have often applied definitions from Black's Law Dictionary to determine the meaning of undefined statutory language. See, e.g., *State ex rel. Citizens for Open, Responsive & Accountable Govt. v. Register,* 116 Ohio St.3d 88, 2007-Ohio-5542, 876 N.E.2d 913, ¶ 30; *State ex rel. Musial v. N. Olmsted,* 106 Ohio St.3d 459, 2005-Ohio-5521, 835 N.E.2d 1243, ¶ 23–24.

{¶ 17} Courts must give due deference to the department's reasonable interpretation of Ohio Adm.Code 5120–5–03(E). See *Northwestern Ohio Bldg. & Constr. Trades Council v. Conrad* (2001), 92 Ohio St.3d 282, 287, 750 N.E.2d 130 ("A court must give due deference to the agency's reasonable interpretation of the legislative scheme"); *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.* (1984), 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 ("if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute"); see also *State ex rel. Schaengold v. Pub. Emps. Retirement Sys.,* 114 Ohio St.3d 147, 2007-Ohio-3760, 870 N.E.2d 719, ¶ 23.

{¶ 18} Because the department's interpretation of "income" in Ohio Adm.Code 5120–5–03(E) is supported by a commonly accepted definition of the term, the court of appeals erred in failing to defer to the department's reasonable conclusion that "income" includes gifts. The department was authorized under the rule

to apply the gift money received by Turner to the unsatisfied judgment owed by him in his criminal case as long as $10 was left in his account.

{¶ 19} Based on the foregoing, Turner cannot establish either a clear legal right to the requested relief or a corresponding clear legal duty on the part of the warden to provide it. Therefore, we reverse the judgment of the court of appeals and deny the writ. By so holding, we do not address the warden's remaining arguments, which are moot. See, e.g., *State ex rel. Lewis v. Rolston*, 115 Ohio St.3d 293, 2007-Ohio-5139, 874 N.E.2d 1200, ¶ 23.

Judgment reversed<br>
and writ denied.

Moyer, C.J., and Lundberg Stratton, O'Connor, O'Donnell, Lanzinger, and Cupp, JJ., concur.

Pfeifer, J., dissents and would affirm the judgment of the court of appeals.

---

James D. Turner, pro se.

Marc Dann, Attorney General, and Mary Anne Reese and Dierdra M. Howard, Assistant Attorneys General, for appellant.