[Cite as *State ex rel. Warner v. Indus. Comm.,* 131 Ohio St.3d 366, 2012-Ohio-1084.]

THE STATE EX REL. WARNER, APPELLEE, *v.* INDUSTRIAL COMMISSION

OF OHIO ET AL., APPELLANTS.

[Cite as *State ex rel. Warner v. Indus. Comm.,*

131 Ohio St.3d 366, 2012-Ohio-1084.]

*Workers' compensation—Average weekly wage—R.C. 4123.61—Unemployment*

*compensation excluded from wage total—Treatment of seasonal layoffs.*

(No. 2010-1283—Submitted December 6, 2011—Decided March 22, 2012.)

APPEAL from the Court of Appeals for Franklin County,

No. 09AP-841, 2010-Ohio-2476.

_____

**Per Curiam**.

{¶ 1} Appellee, Rick D. Warner, is a construction worker who has periods of unemployment each year that are the result of seasonal layoffs. After being injured at work, Warner asked appellant Industrial Commission of Ohio to establish his average weekly wage ("AWW") for the purpose of awarding future compensation. At issue is the treatment to be accorded those weeks of unemployment in calculating his AWW.

{¶ 2} Warner began working for appellant Central Allied Enterprises, Inc. in 2004. Central Allied paves roadways. Warner had worked on paving crews before and, by his own admission, knew when he started with Central Allied that the work was seasonal. In the past, Warner had applied for unemployment compensation during the winter layoff, and he continued this practice during his time with Central Allied.

{¶ 3} Warner was hurt at work on September 7, 2007, and a workers' compensation claim was allowed. He later sought temporary-total-disability compensation, which required the commission to establish his AWW in order to

determine the amount of those benefits. Typically, the AWW is calculated by dividing total wages for the year prior to injury by 52 weeks. *State ex rel. Clark v. Indus. Comm.*, 69 Ohio St.3d 563, 565, 634 N.E.2d 1014 (1994). R.C. 4123.61, however, contains exceptions to this general formula, one of which requires the commission to exclude from the calculation "any period of unemployment due to sickness, industrial depression, strike, lockout, or other cause beyond the employee's control."

{¶ 4} Evidence established that in the year prior to injury, Warner had worked for 30 weeks and had been unemployed for 22 due to the seasonal layoff. During that time, he had received both wages for the weeks worked and unemployment compensation for the weeks that he did not. Warner proposed two different figures for his AWW. The first excluded his 22 weeks of unemployment and the associated unemployment benefits from the calculation. In the alternative, he advocated including both the number of weeks that he was unemployed and the dollar amount of his unemployment compensation in the formula. Warner clearly indicated that he was not seeking both to exclude his weeks of unemployment and to include the corresponding unemployment compensation.

{¶ 5} A commission staff hearing officer ("SHO") rejected both proposals. He excluded from the wage total the amount of unemployment compensation received but included in the weekly divisor the number of weeks that Warner did not work. In refusing to exclude the number of weeks that Warner was unemployed from the weekly divisor, the SHO found that Warner's weeks of unemployment were not beyond his control and thus not within the exception of R.C. 4123.61. Citing Warner's previous experience in the industry and his years with Central Allied, the SHO found:

[T]he seasonal layoff was not unforeseen and is a normal part of employment within this industry. The Claimant has presented no evidence of any attempt to look for work during his period of seasonal layoff. Thus, the Hearing Officer finds that the unemployment sustained by the Claimant represents a lifestyle choice and shall not be excluded from the calculation of the Average Weekly Wage. *State ex rel. Baker Concrete Constr., Inc. v. Indus. Comm.* (2004), 102 Ohio St.3d 149 [2004-Ohio-2114, 807 N.E.2d 347].

{¶ 6} The SHO also rejected Warner's alternative request to add the dollar amount of his unemployment compensation to the total amount earned in the year preceding injury. Citing *State ex rel. McDulin v. Indus. Comm.*, 89 Ohio St.3d 390, 732 N.E.2d 367 (2000), the SHO concluded that unemployment benefits were not "wages" and could not be included in the AWW computation.

{¶ 7} After further appeal was refused, Warner filed a complaint in mandamus in the Court of Appeals for Franklin County. There, Warner prevailed, and the court issued a limited writ ordering the commission to further consider Warner's request. The court held that the commission had abused its discretion in failing to include the dollar amount of Warner's unemployment compensation because it was federally taxable income under the Internal Revenue Code. The court also criticized the commission's finding that there was no evidence that Warner had looked for other work during the seasonal layoff, citing Warner's receipt of unemployment compensation, which, under R.C. 4141.29(A)(4)(a)(i), required proof of a job search.

{¶ 8} The commission and Central Allied now appeal to this court as a matter of right. Warner has been joined by amici curiae Ohio Association of

Claimants' Counsel and Ohio Association for Justice, which urge the exclusion of Warner's 22 weeks of unemployment from the formula's denominator.

{¶ 9} The average weekly wage is intended to " 'find a fair basis for award for the loss of future compensation.' " *State ex rel. Wireman v. Indus. Comm.*, 49 Ohio St.3d 286, 287, 551 N.E.2d 1265 (1990), quoting *Riley v. Indus. Comm.*, 9 Ohio App.3d 71, 73, 458 N.E.2d 428 (1983). The figure must do substantial justice to the claimant, but it cannot create a windfall. *Wireman* at 287. In the case at bar, we must determine whether the commission abused its discretion in (1) including Warner's 22 weeks of unemployment in the formula's divisor or (2) excluding the amount of unemployment compensation he received for those weeks in his wage total.

**Weeks of unemployment**

{¶ 10} In setting the AWW, "any period of unemployment due to sickness, industrial depression, strike, lockout, or other cause beyond the employee's control shall be eliminated." R.C. 4123.61. Seasonal unemployment is not listed in the statute, so Warner can prevail only if he establishes that those weeks of unemployment were beyond his control.

{¶ 11} Appellants assert that Warner's weeks of unemployment were not beyond his control. They stress that Warner had been a seasonal construction worker for years and was accustomed to its cycle of work and layoff. Because Warner chose to remain in this occupation knowing that he would be released at season's end, appellants argue that the layoff was not an unanticipated circumstance and, by extension, neither was the period of unemployment that followed.

{¶ 12} Warner disagrees. He does not dispute that his yearly layoff was foreseeable and that in remaining with Central Allied, he tacitly assented to it. What was never foreseeable, Warner argues, was whether he would be able to find another job over the winter. Warner claims that over the period in question

he tried to find other employment and cites his receipt of unemployment compensation as proof of that. Thus, while he may have assented to a winter layoff, he did not voluntarily choose to remain unemployed during that time. This, according to Warner, rendered his unemployment beyond his control.

{¶ 13} Foreseeability of job loss does not necessarily render seasonal unemployment voluntary. *State ex rel. Baker Concrete Constr., Inc. v. Indus. Comm.*, 102 Ohio St.3d 149, 2004-Ohio-2114, 807 N.E.2d 347, ¶ 15. Certainly, seasonal unemployment can be considered voluntary when it is the result of a worker's choice to enjoy the time off rather than look for another job during the off-season. On the other hand, many seasonal employees want to work during the layoff but, despite diligent efforts, cannot find other employment. In those situations, unemployment may be considered to be beyond the individual's control.

{¶ 14} Warner cites his receipt of unemployment compensation as proof that he looked for work during the winter layoff. *Baker Concrete*, however, declared that a claimant's receipt of unemployment compensation did not, for workers' compensation purposes, automatically establish that postlayoff unemployment was beyond the individual's control. It acknowledged that receipt of those benefits required an ongoing search for work, but it also recognized that a job search had a qualitative component. Given the independence of the workers' compensation and unemployment-compensation systems, we noted, "A job search sufficient to satisfy [the Ohio Bureau of Employment Services] might not satisfy the commission." *Baker Concrete* at ¶ 23.

{¶ 15} In this case, the commission never addressed the adequacy of Warner's job search because it wrongly believed that he had not presented any evidence of a search for other employment. The court of appeals was accordingly correct in ordering further consideration of this issue, and that portion of its judgment is hereby affirmed.

**The dollar amount of Warner's unemployment benefits**

{¶ 16} The court of appeals ordered the commission to include the amount of Warner's unemployment benefits based solely on its status as federally taxable income. *McDulin*, 89 Ohio St.3d 390, 732 N.E.2d 367, however, declared federal taxability to be irrelevant in determining what to include in the AWW calculation. Inclusion of unemployment compensation, moreover, could create an impermissible windfall in situations where the commission has determined that weeks of unemployment were beyond the claimant's control and omitted those weeks from the AWW calculation. Accordingly, that portion of the court of appeals judgment is reversed.

{¶ 17} We hereby return the cause to the commission to determine whether Warner's weeks of unemployment were beyond his control. We clarify that on remand, the commission should total only Warner's Central Allied wages from the year prior to his September 7, 2007 injury and divide by 52, unless Warner shows that he was not able to be employed during any of the 22 weeks during which he was seasonally laid off. Any week during the layoff in which his unemployment was beyond his control within the meaning of R.C. 4123.61 should be excluded from the divisor. Thus, if all unemployment time satisfies the statute, Warner's total wages would be divided by 30 to produce an average weekly wage. Accordingly, we affirm that portion of the court of appeals judgment that returned the cause for further consideration of this matter.

{¶ 18} We additionally order the commission to exclude the amount of Warner's unemployment compensation from his wage total and reverse that portion of the court of appeals judgment directing otherwise.

Judgment affirmed in part
and reversed in part.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

The Stocker Pitts Law Firm and Dana M. Debski, for appellee.

Michael DeWine, Attorney General, and Gerald H. Waterman, Assistant Attorney General, for appellant Industrial Commission.

Kastner, Westman & Wilkins, L.L.C., and James W. Ellis, for appellant Central Allied Enterprises, Inc.

Philip J. Fulton Law Office, Philip J. Fulton, and Chelsea J. Fulton, urging affirmance for amici curiae Ohio Association of Claimants' Counsel and Ohio Association for Justice.

_____